467 So.2d 113 (1985)
Wilfred HERNANDEZ, Jr., Plaintiff-Appellant,
v.
LAFAYETTE BONE & JOINT CLINIC, et al., Defendants-Appellees.
No. 84-321.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*114 Fawer, Brian, Hardy & Zatzkis, A. Morgan Brian, Jr., New Orleans, for plaintiff-appellant.
Voorhies & Labbe, Marc W. Judice, Lafayette, for defendants-appellees.
Before GUIDRY, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Wilfred Hernandez, Jr., individually and as administrator of the estate of his minor child, Jennifer Hernandez, sued Lafayette Bone & Joint Clinic, along with three physicians, for damages based on medical malpractice. The suit was dismissed on an exception of prescription. Plaintiff appeals, urging that a proper interpretation of the Medical Malpractice Act dealing with the suspension of prescription, and the Civil Code articles dealing with the interruption of prescription, as applied to the pleaded facts of this case, gave him one year to bring suit, calculated to commence 90 days from the date of receipt of notice of the opinion of the medical review panel, and since suit was filed about a month after the new one-year period began, it had not prescribed. We agree, and reverse the ruling holding the case was prescribed, and remand for further proceedings.
The prescription facts are not disputed. The medical treatment which allegedly constituted this malpractice began on January 4, 1980, and the malpractice was discovered on March 16, 1981. Suit was filed against all defendants on March 15, 1982. One week later, on March 22, 1982, plaintiff asked for a medical review panel under the Medical Malpractice Act, LSA-R.S. 40:1299.41-48. On July 12, 1982, acting on an exception of prematurity filed by the defendants, the court dismissed the suit without prejudice, as required by the Act.
In due course the medical review panel acted, notifying plaintiff on August 12, 1983, of its August 9, 1983, decision. Plaintiff filed a second suit against all defendants on December 16, 1983. This is the suit which the trial court held was prescribed.
Consideration of the statutory and code law on the subject begins with LSA-R.S. 9:5628, which provides that an action for medical malpractice prescribes unless filed within one year from the date of the malpractice, or one year from the date of its discovery; provided that, even as to claims filed within one year from the date of discovery, such claims must be filed at the latest within three years from the date of the malpractice. This statute establishes a simple prescription, not a peremption, even as to its three year period. Chalstrom v. Desselles on Behalf of Desselles, 433 So.2d 866 (La.App. 4th Cir.1983), writ denied 438 So.2d 866 (La.1983). It is not disputed, in the present case, that the first case was timely.
LSA-R.S. 40:1299.47(A)(1) requires that all malpractice claims against health care providers covered under the Act shall be reviewed by a medical review panel. All four defendants in the present case are covered under the Act. The Act recognizes the prescription problems that might be created by the time consumed by the administrative medical review proceedings, and takes care of that problem by means of R.S. 40:1299.47(A)(2)(a), which reads:
"The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, *115 as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, ..."
It is the settled law in this state that prescription begins to run anew from the date of dismissal of a lawsuit which interrupts prescription. La.Civil Code article 3463 (formerly 3519) and its Comments (b); Garrity v. Cazayoux, 430 So.2d 1138 (La.App. 1st Cir.1983). See also Symeonides, One Hundred Footnotes to the New Law of Possession and Acquisitive Prescription, 44 La.L.Rev. 69, 137 (1983). Accordingly, when plaintiff's first suit was dismissed without prejudice on July 12, 1982, prescription would have begun to run anew, and plaintiff would have had until one year from that date to file suit, unless something had happened in the meanwhile to again prevent the running of prescription. Something had happened. The event was the request for the review panel's formation which triggered the suspension provisions of R.S. 40:1299.47(A)(2)(a). This suspension had the effect of postponing the commencement of the new one-year prescription for as long as the suspension was in effect.
The effect of the suspension of prescription is explained by La.Civil Code art. 3472:
"The period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension."
Planiol explains the reasons for suspension of prescription this way:
"Suspension of prescription is a measure of equity, invented through regard for certain persons who are not in a position to interrupt prescription when it is running against them. The law comes to their help by holding, in derogation to general principles, that all the time they remain in such state does not count. The result is that everybody has the normal prescriptive delay within which to interrupt prescription by asserting his rights."
1 M. Planiol, Civil Law Treatise, pt. 2, no. 2698 at 594 (12th ed. La.St.L.Inst. trans. 1959).
While the first suit was pending, prescription was in a state of continuous interruption. At the time that suit was dismissed without prejudice, the running of prescription was also in a state of suspension by virtue of R.S. 40:1299.47(A)(2)(a). This suspension ended on November 12, 1983, which was 90 days from the date of notification of the review panel's opinion. Plaintiff had one year from November 12, 1983, to file suit, and suit was filed on December 16, 1983. The suit was timely and the exception of prescription should have been overruled.
The judgment of the trial court maintaining the exception of prescription is reversed, and the case is remanded for further proceedings. Costs of this appeal shall be borne by the defendants, the remaining cost assessment to await the outcome of the trial on the merits.
REVERSED AND REMANDED.