**Charles NAGLE**

v.

**Harry LEE, Sheriff of Jefferson Parish, et al.**

**Civ. A. No. 85–262.**

United States District Court,
E.D. Louisiana.

May 16, 1988.

Craig J. Hattier, New Orleans, La., for plaintiff.

Fred Schroeder, Lee, Martiny & Caracci, Metairie, La., for defendants.

MEMORANDUM OPINION

MENTZ, District Judge.

This suit involves a claim for damages under 42 U.S.C. § 1983 as a result of an alleged arrest and beating occurring on February 15, 1983. Before the Court is the motion of defendants, Officers Patricia Laura and Clifford Montecino, to dismiss on the ground of prescription. The Court finds that as a matter of law, Nagle's cause of action against Laura and Montecino has prescribed.

On February 14, 1984, Nagle filed suit against Jefferson Parish Sheriff Harry Lee, two fictitious deputy officers, "John Smith" and "John Doe", and a fictitious insurance company, "ABC Insurance Company", under 42 U.S.C. § 1983 for the alleged arrest and beating. On January 17, 1985, the District Court dismissed the suit for failure to prosecute. Later, on the same day, Nagle filed a second suit which was substantially similar to the original suit, except that he substituted Officers Patricia Laura and Clifford Montecino for Doe and Smith, and added three new defendants—"John Doe", the State of Louisiana, and Jefferson Parish. This Court granted Jefferson Parish's unopposed motion to dismiss and Nagle's own motion to dismiss the State of Louisiana. Then, the Court granted the motion of the remaining defendants, Sheriff Lee and Officers Laura and Montecino, to dismiss on the basis of res judicata.

On appeal, the Fifth Circuit affirmed the dismissal as to Sheriff Lee, but determined that Laura and Montecino were not entitled to benefit under res judicata as they were not parties to the first action nor apprised that it involved them, and were not represented by or in privity with any party to that action. Accordingly, the Court of Appeals remanded Nagle's claims against

Laura and Montecino for further proceedings, including a determination as to whether those claims have prescribed.

There is no dispute that Nagle's cause of action accrued on February 15, 1983 and that the applicable statute of limitations is Louisiana's one-year period for tort suits. *See Nagle v. Lee,* 807 F.2d 435, 440–41 n. 5 (5th Cir.1987) (citing *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)) "state law governs the substantive limitation period utilized in 1983 actions."

 The filing of Nagle's original suit against Sheriff Lee interrupted prescription as to Laura and Montecino because Lee and his officers are alleged joint tortfeasors. *See* La.C.C. Art. 3503.[1] However, when Nagle's original suit was dismissed, it put him in the same position as if no action had been filed. Under La.C.C. Art. 3463, "[i]nterruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial." Nagle relies on *Hernandez v. Lafayette Bone & Joint Clinic,* 467 So.2d 113 (La.App. 3d Cir.1985), for the proposition that prescription began to run anew when his original suit was dismissed on January 17, 1985. *Hernandez* is readily distinguishable from the case at bar inasmuch as Hernandez's suit was dismissed without prejudice upon an exception of prematurity; whereas, Nagle's original suit was dismissed with prejudice for failure to prosecute. *See Nagle,* 807 F.2d at 442–443; Comment (b) to La.C.C. Art. 3463. Therefore, under Article 3463, interruption is considered never to have occurred so that when Nagle's original suit was dismissed, his claims against Laura and Montecino prescribed.

 Nagle alternatively contends that he was unable to ascertain the identity of the fictitious defendants, despite diligent efforts, until October 17, 1984 when defense counsel identified Officers Laura and Montecino. He contends that, under the doctrine of contra non valentum, prescription was suspended until October 17, 1984 and therefore, his second suit, filed on January 17, 1985, was within the one-year prescriptive period.

The doctrine of contra non valentum prevents the running of prescription where "in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues." *Corsey v. State Dept. of Corrections,* 375 So.2d 1319, 1321 (La.1979). Nagle has not offered any facts or good cause to show that he was unable to pursue his cause of action. Although Nagle alleged that he exercised due diligence, he did not describe his efforts. He has not alleged that any act of Sheriff Lee thwarted him from discovering the identity of the fictitious defendants. Nagle has offered no explanation as to why he was unable to learn the names of Officers Laura and Montecino until two years and seven months after his cause of action accrued. The fact that Nagle's original suit was dismissed for failure to prosecute indicates that his inability to ascertain the identity of the fictitious defendants may have been due to lack of diligence, rather than any condition or cause beyond his control. In this regard, the Court also notes that, once having learned the identity of the fictitious defendants, Nagle never filed a motion to amend his original complaint. It was not until three months later when his suit was dismissed that Nagle filed a new suit naming for the first time the officers allegedly involved in the incident. Therefore, the Court finds that prescription was not suspended until October 17, 1984.

In view of the foregoing,

IT IS ORDERED that defendants' motion to dismiss is GRANTED, dismissing plaintiff's suit with prejudice at plaintiff's costs.

---

1. La.C.C. Art. 3503 provides in pertinent part that:

   When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors.