11 STEWART, J.
Plaintiff, Mary Odessa Johnson, was injured in a fall at Bossier City Medical Center (BCM) on August 8, 1995. Almost exactly one year later, on August 7, 1996, she filed suit. BCM filed an exception of prematurity because Johnson had not first filed for a review of her claim by a medical review panel. The lawsuit was voluntarily dismissed pursuant to a joint motion on April 10, 1997. Johnson then requested a medical review panel on June 20, 1997. After medical panel review proceedings were concluded, and the parties were notified of the panel’s opinion on December 9, 1998, Johnson waited approximately six months, until June 10, 1999, to again file a suit for damages. BCM then filed a peremptory exception of prescription that was granted by the trial court. On appeal, Johnson asserts that the trial court erred in granting the exception of prescription by retroactively applying the holding of LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226 to the facts of this case. For the reasons set forth below, we affirm the trial court’s judgment sustaining the exception of prescription.
DISCUSSION
In LeBreton, supra, the plaintiff filed a wrongful death claim on August 18, 1992. The claim was based on her father’s death that occurred on August 20, 1991, after artificial life support was terminated on August 18, 1991. The plaintiff also filed a request on August 19, 1992, for review of her claim by a medical review panel. On July, 20, 1993, the trial court granted an exception of prematurity filed by the defendants and dismissed the plaintiffs suit without prejudice. The medical review panel issued its opinion on August 12, 1996, finding no medical malpractice on the part of the defendants, and on August 14, 1996, the panel sent notification of its | popinion to the plaintiffs attorney. Finally, on February 3, 1997, approximately five months after the plaintiffs attorney was notified of the opinion, the plaintiff filed for wrongful death. The trial court, relying on the third circuit’s opinion in Hernandez v. Lafayette Bone and Joint Clinic, 467 So.2d 113 (La.App. 3d Cir. 1985), denied the exception of prescription. Ultimately the Louisiana Supreme Court reversed, overruling Hernandez. The Hernandez case had approved the simultaneous application of interruption and suspension of prescription in a medical malpractice setting, but the supreme court in LeBreton concluded that the specific statutory provision for suspension in the context of medical malpractice is not complementary to the more general provision on interruption of prescription found in La. C.C. art. 3462. Thus, the LeBreton court found that although the plaintiffs claim was suspended from the date she filed her request for a medical review panel until the expiration of the 90-day suspensive period provided by La. R.S. 40:1299.47(A)(2)(a), her wrongful death action was clearly prescribed by the time she filed suit.
Under the holding of LeBreton, the premature filing of a lawsuit for medical malpractice, prior to the request for a medical review panel, does not interrupt prescription on a medical malpractice claim. In the instant case, the Johnson’s request for a medical review panel was not filed until June 20, 1997, well more than a year after the injury that occurred on August 8, 1995. Thus, applying the LeBreton rationale to the facts of the instant case requires the granting of the exception of prescription. Johnson conceded that under any reading of LeBreton, “this court is constrained to grant the exception of pre *552 scription.” At the same time, she asserts that to grant the exception of ^prescription would result in manifest injustice because we would be retrospectively applying the decision in LeBreton in a manner which would divest her of a vested right. She argues that she initially filed her suit for damages timely, that the defendant filed an exception of prematurity to force a medical review panel, and that during the hiatus between the request for a medical review panel and the panel’s decision, the supreme court decided Le-Breton. Thus, to “retroactively” apply the LeBreton decision would arguably divest Johnson of her pre-existing cause of action.
However, the LeBreton decision does not change the law, but merely interprets the law. Because the decision simply declares what the law means, and has always meant, there is no change in or retroactive application of the law. Furthermore, any question concerning the equities of applying LeBreton is answered by LeBreton itself; the supreme court, while overruling Hernandez, supra, applied its decision in that case to the plaintiff therein and dismissed her action with prejudice.
CONCLUSION
For the reasons set forth above, the judgment is affirmed at appellant’s costs.
AFFIRMED.