WILLIAM H. BYRNES, III, Chief Judge.
In this medical malpractice claim, this Court exercises its supervisory jurisdiction to review the legal issue of prescription raised by the State of Louisiana, Department of Health and Hospitals (“State”).
On July 17, 1998, Craig Brown, a seriously handicapped resident of Metropolitan Developmental Center, sustained significant burns while in their care. Three months later, on October 19, 1998, Ethel Brown filed suit in civil district court on behalf of her son Craig Brown, and on October 26 and 28, 1998, personal service was made on the defendants. The plaintiff agreed to an indefinite extension of time for the State to reply, as a professional courtesy to allow for a full investigation of the cause of Mr. Brown’ injuries. On June 28, 2000, nearly two years after the alleged malpractice, the plaintiff notified the Commissioner of Administration and requested that a medical review panel be convened to address her allegations. On November 28, 2000, the State filed its exception of prematurity and a year later, on November 27, 2001, filed its exception of prescription. After a hearing on the motions on February 20, 2002, the trial court ^rendered its February 21, 2002 judgment finding that the suit was premature because it was filed before the medical review panel issued its opinion; however, the suit was not prescribed or otherwise subject to dismissal because it was timely filed.
The State argues that the plaintiffs claim was prescribed pursuant to La. R.S. 9:5628 because more than twelve months had transpired between the alleged acts of malpractice and the filing of her request for a medical review panel with the Louisiana Commissioner of Administration. The trial court found the civil suit was premature but did not dismiss it. Consequently, the suit in civil district court remains pending.
The issue is whether the trial court erred in finding that the plaintiffs claim was not prescribed pursuant to La. R.S. 9:5628, which provides that medical malpractice actions must be filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; or in any event, within a period of three years from the date of the alleged act, omission or neglect even as to claims filed within one year from the date of such discovery at the latest. La. R.S. 9:5628. Before a claim of malpractice can be filed in the district courts, however, it must first be reviewed by a state medical review panel. La. R.S. 40:1299.39.1. The running of prescription is suspended during the medical review process until ninety days following notification of the claimant by certified mail of the issuance of the medical review panel’s opinion. La. R.S. 40:1299.39.1.
In LeBreton v. Rabito, 97-2221 (La.07/08/98), 714 So.2d 1226, Ms. LeBreton filed a suit in medical malpractice in district court against Drs. Rabito, Breaux, and Krefft within one year of the death of her father and also filed a ^request with the Patient’s Compensation Fund Oversight Board for a medical review panel. The doctors interposed dilatory exceptions of prematurity, and the trial court granted the exceptions and dismissed the suit without prejudice. Subsequently, the medical review panel issued its opinion and notified Ms. LeBreton; approximately five months later, Ms. LeBreton filed suit for wrongful death in civil district court against the doctors named in the original suit. The doctors filed peremptory exceptions of prescription, alleging that Ms. LeBreton’s wrongful death claim was prescribed on its face. Ms. LeBreton conceded that for her *353 claim to survive, she must be allowed to use both the period of interruption and the period of suspension combined. The Louisiana Supreme Court held that La. R.S. 40:1299.47(A)(2)(a), the specific statutory-provision providing for the suspension of prescription in the context of medical malpractice, must be applied alone, not complementary to La. C.C. art. 3472, the more general codal article that addresses interruption of prescription. LeBreton, 97-2221 at p. 9, 714 So.2d at 1230. The action, therefore, was prescribed.
Distinguishing LeBreton from the present case, the trial court agreed with the plaintiff that the original petition filed in a court of law, albeit prematurely, interrupted prescription. The plaintiff maintains that the facts in the present case are distinguishable from those in LeBreton because in that case, and in Hernandez v. Lafayette Bone & Joint Clinic, 467 So.2d 113 (La.App. 3 Cir.1985), which LeBreton overruled, the plaintiffs received an unfavorable decision from the medical review panel after dismissal of their suits. In contrast, the district court case remains pending in the present case.
In Baham v. Medical Center of Louisiana at New Orleans, 2000-2022 (La.App. 4 Cir. 7/11/01), 792 So.2d 85, 88, this Court interpreted LeBreton as | ¿holding that a premature medical malpractice suit does not interrupt or suspend prescription, based on the rejection of Hernandez, supra.
In Geiger v. State, 2001-2206 (La.04/12/02), 815 So.2d 80, *4-*5, the Louisiana Supreme Court clarified the scope of LeBreton as follows:
In LeBreton, prescription began to run on August 20, 1991, the plaintiff filed suit on August 18, 1992, and filed her panel request on August 19, 1992. The suit was dismissed on an exception of prematurity, but the plaintiff did not refile her suit until approximately five months after she was notified of the panel’s opinion. The defendants filed an exception of prescription in the second suit, alleging that it was prescribed on its face. The trial court denied the exception and the [F]ourth [Cjircuit agreed, but this court reversed. This court noted that filing suit interrupts prescription under La. C.C. art. 3462[FN5], whereas filing a panel request suspends prescription under La. R.S. 40:1299.47(A)(2)(a). Interruption causes a new prescriptive period to commence after the period of interruption. Such is not the case with suspension; rather, the time which preceded the suspension is added to the time which follows it. Regarding statutory construction, the court explained that, when two statutes deal with the same subject matter, they should be harmonized, and if there is a conflict, the statute specifically directed to the issue must prevail as an exception to the general rule. The court said that medical malpractice cases are governed by special rules, one of which is that the filing of a panel request only suspends prescription, and that this special prescription rule conflicts with the general Civil Code articles 3466 and 3472. Indeed, the court found that if these Code articles were applied, the prescription and suspension provisions of the Medical Malpractice Act would be written out. Regarding the impact of such a conflict in medical malpractice cases, the court stated:
If we let this ruling stand, we will condone and encourage the technique of unnecessarily prolonging malpractice litigation by a lesser standard. The party who improperly files a premature medical malpractice suit without first filing the claim with the board for a medical review panel, and *354 whose suit is subsequently dismissed without prejudice, gains an additional year in prescription in addition to the suspended time provided by the Medical Malpractice Act, within which to file suit anew.
LeBreton at p. 8, 714 So.2d at 1230. The court found that this determination comported with the rationale for suspension espoused by French doctrinal writers, specifically that suspension is a measure of equity invented through regard for persons who are not in a | sposition to interrupt prescription, such as medical malpractice plaintiffs who, by statute, may not commence their suit until they present their complaint to a state medical review panel. Id. at p. 9-10, 714 So.2d at 1230-31 (quoting 1 Marcel Planiol & George Ripert, Traite Elementaire de Droit Civil, No. 2698 (12th ed.1939), reprinted in 1 Marcel Planiol & George Ripert, Treatise on the Civil Law, part 2 at 594 (La.St.L.Trans. 1959)). Therefore, the court concluded that there is no need for the general rules of interruption to combine with suspension “to synergistically benefit the plaintiff.” Id. at p. 10, 714 So.2d at 1231.
In a later medical malpractice case, this court directly applied the rule of LeBreton to hold that the plaintiffs premature suit did not interrupt prescription. See Washington v. Fustok, 01-1601, p. 1 (La.9/21/01), 797 So.2d 56, 56. The majority noted that the panel request was filed more than one year from the date of the alleged malpractice, and therefore the filing of the panel request did not act to suspend the accrual of prescription. Id.
LeBreton is not limited to the specific attempt of that plaintiff to combine the period of time for interruption of prescription with the period of time of suspension of prevention by combining the relevant general and specific code articles. In the present case, the plaintiffs reliance on a line of older cases that predate LeBreton is misplaced in light of Geiger, supra, citing Washington, supra.
In the present case, the plaintiff argues that the analysis and decision in LeBreton do not apply to her because she filed suit for malpractice immediately upon discovering the injuries to her son, served defendants with the suit, granted an indefinite extension of time for defendants to file their answer so they could fully investigate the situation, only to face motions for prematurity and prescription instead of an expected answer. The State objects to the Court considering the affidavit on this issue attached to the plaintiffs response because it was not presented to the trial court. There is no other indication in the record why the plaintiff waited nearly two years after the date of the alleged malpractice to file her | firequest for a medical review panel. This issue, however, is immaterial to the analysis of the present case in light of Geiger and Washington.
The trial court erred in denying the State’s exception of prescription. The pending premature civil suit did not interrupt prescription when the plaintiffs request for a medical malpractice panel was filed more than one year from the date of the alleged malpractice.
Accordingly, the trial court’s judgment is reversed, and the State’s exception of prescription is granted.

WRIT GRANTED; REVERSED; EXCEPTION OF PRESCRIPTION GRANTED.

ARMSTRONG, J., dissents for the reasons assigned by J. McKAY.
McKAY, J., dissents.