DALEY, Judge,
dissenting.
_JjThe majority opinion states there are facts that exist “which may be sufficient to overcome prescription” and amends the judgment to allow the plaintiff to amend his petition to include these facts. I disagree that plaintiffs suit, which is prescribed on its face, can be resurrected given the facts presented.
In LeBreton v. Rabito, 1997-2221, (La.7/8/98), 714 So.2d 1226, the Supreme Court determined that in a medical malpractice lawsuit the specific medical malpractice prescription provisions contained in LSA R.S. 40:1299.47 should be applied, rather than the general provisions dealing with interruption of prescription. In overruling the Court’s prior holding in Hernandez v. Lafayette Bone & Joint Clinic, 467 So.2d 113 (La.App. 3 Cir.1985), which had allowed the simultaneous application of the interi’uption and suspension of prescription statutes in medical malpractice actions, the LeBreton Court explained that when there is a conflict between two statutes on the same subject matter, the statute specifically directed to the matter at issue must prevail as an exception to the more general statute. In further explanation, the Court stated: “the filing of a medical malpractice claim with a medical review panel triggered the suspension of prescription specifically provided by the Medical Malpractice Act, rather than the interruption of the liberative prescriptive period generally provided in the Civil Code.” Id. at 1230.
Ijn Schulingkamp v. Ochsner Clinic, 01-1137 (La.App. 5 Cir. 3/12/02), 813 So.2d 524, this Court followed LeBreton to affirm the trial court’s grant of the defendant Ochsner’s Exception of Prescription. In Schulingkamp, as in the case at bar, plaintiffs argued that the pending suit against solidary obligors continued to interrupt prescription against Ochsner. In rejecting plaintiffs argument, this Court explained that to do as plaintiff urged “is to ignore to [the] statute more specifically directed at the prescription issue in the context of the medical Malpractice Act.” Id. at 528.
More recently in Borel v. Young, 2006-352, (La.App. 3 Cir. 12/29/06), 947 So.2d 824, which currently has writs pending to the Supreme Court, the Third Circuit relied on LeBreton to uphold the trial court’s grant of defendant’s Exception of Prescription. In Borel, the plaintiff filed a claim with the Patient’s Compensation Fund against Dr. Young and Lafayette Medical Center. After the panel rendered an opinion, plaintiff filed suit against the Medical Center and did not file suit against Dr. Young. Later, when plaintiff discovered the Medical Center would present evidence of Dr. Young’s negligence, the plaintiff sought to amend the petition to include Dr. Young. When this was denied, plaintiff filed a separate suit against Dr. Young that was later consolidated with the suit against the Medical Center. In affirming the Exception of Prescription in favor of Dr. Young, the Court explained: “Subsequent jurisprudence applying the principals of LeBreton to joint tortfeasor situations have concluded that the specific provi *9 sions in the medical malpractice statute regarding suspension of prescription against joint tortfeasors apply to the exclusion of the general codal articles on interruption of prescription against joint tortfeasors.” Id. at p. 831.
In the case at bar, plaintiff filed a timely claim with the Patient’s Compensation Fund as provided in the Medical Malpractice Act. As per the ^provisions in the Act, this panel expired on November 10, 2003, after no party moved to extend the life of the panel. Under LSA R.S. 40:1299.47 B(3) plaintiff had 90 days from November 10, 2003 to file suit. When plaintiff failed to do so, his claim against Dr. Steck prescribed. For the foregoing reasons, I would affirm the judgment of the trial court as written.