STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-225

MAY YEN, ET AL.

VERSUS

AVOYELLES PARISH POLICE JURY, ET AL.

**********
SUPERVISORY WRIT FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2002-4312
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE
**********

**GLENN B. GREMILLION**
**JUDGE**

**********

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and James T. Genovese, Judges.

WRIT GRANTED AND MADE
PEREMPTORY; REVERSED.

Richard J. Guidry
Jeffrey A. Mitchell
The Cochran Firm New Orleans
909 Poydras St., Suite 1580
New Orleans, LA 70112
(504) 588-1580
Counsel for Plaintiff/Respondents:
    May Yen
    Lenard Moten
    Lentrell Moten
    Chantell Moten
    Elijah Yen
    Lainee Yen

**Charles C. Foti, Jr.**
**Attorney General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6000**
**Counsel for Defendant/Applicant:**
> **State of LA., thru LSU Medical Ctr. Health Care Serv. Div.**

**Robert L. Bussey**
**Mary Lauve Doggett**
**Bussey & Lauve**
**P. O. Box 307**
**Alexandria, LA 71309-0307**
**(318) 449-1937**
**Counsel for Defendant/Applicant:**
> **State of LA., thru LSU Medical Ctr. Health Care Serv. Div.**
> **Huey P. Long Medical Center**
> **State of LA., thru LSU Medical Ctr. Health Care Serv. Div.**

**John Albert Ellis**
**LA. Dept. of Justice, AAG**
**P. O. Box 1710**
**Alexandria, La 71309**
**(318) 487-5944**
**Counsel for Defendant/Respondent:**
> **State of La., Dept of Public Safety & Corrections**
> **Avoyelles Correctional Center**

GREMILLION, Judge.

In this writ application, the defendant, the State of Louisiana, through the LSU Medical Care Services Division d/b/a Huey P. Long Medical Center (Hospital), seeks supervisory writs from the trial court's judgment denying its peremptory exception of prescription. For the foregoing reasons, the writ is granted, made peremptory, and judgment of the trial court is reversed.

## FACTS

Lenard Robinson, an inmate at the Avoyelles Correctional Center in Avoyelles Parish, suffered a sickle cell anemia crisis on December 27, 2001. He was transported to the Huey P. Long Medical Center in Pineville, Louisiana, where he died on December 28, 2001. On December 22, 2002, the plaintiffs, May Yen and Chantell Moten, individually and on behalf of their children as Robinson's heirs, requested that a medical review panel be convened against the Huey P. Long Medical Center, the treating physicians, the State through the Department of Health and Hospitals, and the Board of Supervisors of Louisiana State University Agricultural and Mechanical College. On December 26, 2002, they filed suit against Avoyelles Correctional Center, Avoyelles Parish Police Jury, and the State of Louisiana, through the Department of Public Safety and Corrections, alleging negligence in the care and treatment of Robinson while incarcerated.

On September 16, 2004, the Hospital filed a Motion to Strike Medical Review Panel, and/or Exception of No Cause of Action, or No Right of Action, Lack of Subject Matter Jurisdiction and Prematurity and/or Motion for Summary Judgment. Following a hearing, the trial court granted the motion and the exceptions. A

1

judgment dismissing the panel was rendered on January 10, 2005. Thereafter, on March 9, 2005, the plaintiffs amended their petition to add the medical defendants to their suit, alleging they were jointly liable with the original defendants for the damages sought. In response, the State, through the LSU Medical Center Health Care Services Division, d/b/a Huey P. Long Medical Center, filed an exception of prescription alleging that pursuant to La.R.S. 9:5628, the plaintiffs' claims against it had prescribed and should be dismissed with prejudice. Following a hearing, the trial court denied the exception finding that prescription against the Hospital was interrupted by the timely filing of the suit against the non-medical defendants in the district court, pursuant to *Hebert v. Doctors Memorial Hospital*, 486 So.2d 171 (La.1986). Subsequently, the State applied for a supervisory writ to this court, which was granted.

**ISSUES**

In its writ application, the State raises three assignments of error. It argues that the trial court erred in finding that the general codal provisions pertaining to the running and interruption of prescription applied in this matter rather than the specific prescriptive provisions found in La.R.S. 9:5628, the Malpractice Liability for State Services Act, and pertinent jurisprudence.

**MEDICAL MALPRACTICE**

The prescriptive statute pertaining to medical malpractice actions is found in La.RS. 9:5628(A). It provides in part:

> No action for damages for injury or death against any physician . . . whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of discovery of the alleged act, omission, or neglect . . .; however,

2

even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

This statute has been described as a tripartite prescription provision:

A straightforward reading of this statute clearly demonstrates the statute sets forth two prescriptive limits within which to bring a medical malpractice action, namely one year from the date of the alleged act or one year from the date of discovery with a three-year limitation from the date of the alleged act, omission, or neglect to bring such claims.

*Carter v. Haygood*, 04-0646, p. 10 (La. 1/19/05), 892 So.2d 1261, 1268 (citation omitted).

Pursuant to the Malpractice Liability for State Services Act, La.R.S. 40:1299.39.1 provides that any medical malpractice claim against the state, its agencies, or any other qualified person must initially be reviewed by a state medical review panel. Once a request for a review panel has been filed, prescription against the state health care provider and all joint or solidary obligors is suspended. La.R.S. 40:1299.39.1(A)(2)(a). This suspension continues until either ninety days after the plaintiff receives notification of the issuance of an opinion by the panel or ninety days after he/she is notified that the defendant does not qualify as a state health care provider. *Id.*

The only exception to the requirement that a party's claim must first go before a review panel is when the party is a prisoner. Louisiana Revised Statute 40:1299.39.1(A)(1)(a) provides that "[a]ll malpractice claims against the state, its agencies, or other persons covered by this Part, other than claims wherein the patients are prisoners . . . shall be reviewed by a state medical review panel established as provided in this Section." In a prior holding, we held that these same plaintiffs were

3

exempted from submitting their claim to a medical review panel prior to filing a lawsuit in the district court. *Yen v. Avoyelles Parish Police Jury*, 03-603, (La. 11/5/03), 858 So.2d 786.

The issue of whether the general codal provisions dealing with the running and interruption of prescription apply in medical malpractice actions has been addressed by the supreme court. In *LeBreton v. Rabito*, 97-2221 (La. 7/9/98), 714 So.2d 1226, the supreme court overruled the holding in *Hernandez v. Lafayette Bone & Joint Clinic*, 467 So.2d 113 (La.App. 3 Cir. 1985), which simultaneously applied the principles of interruption and suspension to prescription in a medical malpractice suit. In *Hernandez*, this court held that prescription was suspended as soon as the plaintiff filed a request for a medical review panel, and that it remained suspended until ninety days after his notification of the review panel's opinion. However, once the ninety day period had run, we applied the interruption principles to hold that the one-year prescriptive period began to run anew. As the plaintiff's suit was filed within one year of the end of the ninety day period, we held that the suit was timely.

In overruling *Hernandez*, the supreme court, in *LeBreton*, held that applying the general codal provisions relating to interruption of prescription in medical malpractice matters would effectively write out those provisions contained in the medical malpractice act. As the Act provides for the suspension of prescription once a review panel is requested, the court held that applying both the codal provisions and the relevant suspension provisions would synergistically benefit a plaintiff who:

4

[I]mproperly files a premature medical malpractice suit without first filing the claim with the board for a medical review panel, and whose suit is subsequently dismissed without prejudice, gains an additional year of prescription in addition to the suspended time provided by the Medical Malpractice Act, within which to file the suit anew.

*Id.* at 1230. The court went on to hold, "Simply stated, the filing of a medical malpractice claim with a medical review panel triggered the suspension of prescription specially provided by the Medical Malpractice Act, rather than the interruption of the liberative prescription period generally provided in the Civil Code." *Id.*

In the recent case of *Borel v. Young*, 06-352, 06-353 (La.App. 3 Cir. 12/29/06), 947 So.2d 824[1], the plaintiffs timely filed a claim with the Patient Compensation Fund, against two doctors and a hospital after the death of a patient. After the medical review panel found that the doctors did not breach the standard of care, the plaintiffs timely instituted suit against the hospital. More than two years later, the plaintiffs learned that the hospital intended to present evidence that one of the doctors breached the standard of care in treating the patient. The plaintiffs attempted to add that doctor as a defendant to their suit. When this failed, they filed a separate suit against the doctor. The doctor then filed a peremptory exception of prescription, which was granted.

On appeal, the plaintiffs alleged that their suit against the hospital interrupted prescription against the doctor as he was a joint tortfeasor with the hospital. They further argued that *LeBreton* did not apply in this instance as it dealt with the effect of a premature suit filed in the trial court, whereas the suit against the

---

[1] We note that the supreme court granted writs in this matter and that an opinion is forthcoming. *Borel v. Young,* 07-0419 (La. 5/4/07), 956 So.2d 617.

hospital was timely filed. In finding *LeBreton* controlling, we held:

> We find *LeBreton* clearly overruled the prior jurisprudence which applied the general provisions on interruption of prescription to a medical malpractice case and held the more specific provision found in the MMA controls the time in which suit must be filed against health care providers covered by the Act.

*Id.* at 830.

Thus, we held that in malpractice actions, the general rules of interruption of prescription were trumped by the specific provisions contained in the Medical Malpractice Act. Despite the timely filing of suit against the hospital, we held that prescription against the doctor and insurer was suspended during the pendency of the medical malpractice review panel until ninety days following the rendition of its opinion. The filing of the suit against the hospital did not act to interrupt prescription against the doctor and its insurer. *Id.*

In *Bush v. National Health Care of Leesville,* 05-2477 (La. 10/17/06), 939 So.2d 1216, the supreme court held that its decision in *LeBreton* retroactively applied to bar the plaintiffs' medical malpractice claim against a doctor who delayed in transferring their son to a larger hospital. As a result of that delay, their son lost a testicle. As pointed out by the fourth circuit in *Mitchell v. Rehabilitation Institute of New Orleans, Inc.*, 06-0910, pp. 9-10 (La.App. 4 Cir. 2/14/07), 953 So.2d 75, 80:

> Although the retroactive application of *LeBreton* is not at issue in this case, the facts in *Bush* are on point with the facts herein. Furthermore, it is clear from the decision in *Bush* that even if a medical malpractice plaintiff initially filed a timely suit in a court of competent jurisdiction against a defendant not qualified under the medical malpractice act, alleging solidary liability between that defendant and a defendant healthcare provider covered by the act, the specific statutory provision providing for the suspension of prescription found in the medical malpractice act is to be applied alone and not with the more general Civil Code article which addresses interruption of prescription.

Although *LeBreton* and *Borel* can be distinguished from the facts before us in several ways, we are compelled to apply those holdings to the matter before us. *LeBreton* and its progeny all dealt with medical malpractice pertaining to private health care providers. However, we hold that it is controlling in determining the prescriptive issue pursuant to the Malpractice Liability for State Services Act. *See Metro. Dev. Ctr. v. Liner*, 04-654 (La.App. 4 Cir. 12/8/04), 891 So.2d 62. Furthermore, the decedent in this matter was a prisoner. As we stated previously, we held that the plaintiffs were not required to bring their claims before a medical review panel prior to instituting suit in district court. Nevertheless, this matter sounds in medical malpractice, thus, we hold that *LeBreton* requires us to apply the suspension provisions found in La.R.S. 40:1299.39.1 to this matter.

Applying the precepts of *LeBreton* to this matter, we find that the trial court erred in finding that the timely filed suit against the non-medical defendants interrupted the running of prescription against the State. Robinson died on December 28, 2001. The plaintiffs timely filed a request for medical review panel on December 22, 2002. At that time, prescription against the State was suspended pursuant to La.R.S. 40:1299.39.1. After the plaintiffs' claim was dismissed on January 10, 2005, prescription began running the next day, commencing from the time it was suspended, thus, the plaintiffs had only six days left in which to file suit against the State in district court. Since the codal provisions pertaining to the interruption of prescription do not apply in this instance, the plaintiffs' suit against the non-medical defendants did not act to interrupt prescription against the State. Accordingly, we are constrained to find that the plaintiffs' claim against the State has prescribed.

7

## CONCLUSION

For the foregoing reasons, the writ is granted and made peremptory. Accordingly, the judgment of the trial court is reversed and the claims of May Yen and Chantell Moten, individually and on behalf of their children as the heirs of Robinson, against the State of Louisiana, through the LSU Medical Care Services Division d/b/a Huey P. Long Medical Center, are dismissed with prejudice. The costs of this matter are assessed to the plaintiffs-respondents.

**WRIT GRANTED AND MADE PEREMPTORY; REVERSED.**