JiLANDRIEU, Judge.
This case arises from a legal malpractice claim Adesina Oyefodun filed against Ike Spears and Ernest Caulfield for their failure to pursue a medical malpractice claim they had undertaken on his behalf. The trial court granted Spears and Caulfield’s motion for summary judgment releasing them from the suit. Oyefodun now appeals. We affirm.

FACTS

On November 18, 1987, Oyefodun filed a medical malpractice suit against Dr. Blanda, Lafayette Bone and Joint Clinic and Lafayette General Hospital. On February 2,1988, Blanda answered with a dilatory exception of prematurity because Oyefodun had not submitted the claim to the Medical Review Panel as required by law.[1] There was no opposition to the dilatory exception and the case 12was removed from the docket. However, the judgment was not signed until more than two years later on September 26,1990.
In March of 1988, Spears and Caulfield enrolled as counsel for Oyefodun in this suit. The case was heard by the medical review panel who rendered a decision on June 12, 1989, and sent notice of the decision by certified mail to Caulfield on September 12, 1989. Spears and Caulfield, who did not attend the medical review hearing, took no further action on behalf of Oyefodun. On October 3, 1990, Spears and Caulfield withdrew as Oye-fodun’s counsel.
On November 30, 1990, Oyefodun’s new counsel pursued the medical malpractice claim against Dr. Blanda by filing a petition for damages in the 15th Judicial District *1263 Court, Parish of Lafayette, No. 90-5858, Division “I”. Blanda filed an exception of prescription which the court sustained. This judgment was not appealed.
On June 12, 1990, Oyefodun filed a legal malpractice suit against Spears and Caulfield alleging that his medical malpractice suit prescribed because of their inaction. Spears and Caulfield then filed a motion for summary judgment contending that Oyefodun’s suit was viable when they withdrew as the attorneys of record. They argued that prescription was interrupted against Blanda until the date that the judgment on the exception of prematurity was signed, about one month prior to their withdrawal as attorneys of record. The trial court granted their motion and Oyefodun appeals.

DISCUSSION

The standard for granting summary judgment is that there are no genuine issues of material fact and that the mover is entitled to summary judgment as a ^matter of law. La.Code Civ.Proc.Ann. art. 966(B) (West 1984). Therefore, a summary judgment must be reversed unless mover proved that (1) no genuine issues of material fact exist, and (2) mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979).
A “fact” is material if it potentially insures or precludes recovery, if it potentially affects a litigant’s ultimate success, or if it potentially determines the outcome of a legal dispute. Hackett v. Schmidt, 630 So.2d 1324, 1326 (La.App. 4th Cir.1993), writ denied, 94-0266 (La. 4/4/94) 635 So.2d 1123, citing Doe v. Smith, 573 So.2d 238, 241 (La.App. 1st Cir. 1990). However, if a disputed fact is immaterial, summary judgment is not prohibited.
Both sides have contested the date that Spears withdrew as counsel. Oyefodun asserts that it is a genuine issue of material fact and precludes granting summary judgment. If, however, the date is immaterial to the legal malpractice claim, then summary judgment is not precluded. Therefore, a discussion of when the medical malpractice claim prescribed is necessary to determine the materiality of the date of Spears and Caulfield’s withdrawal or discharge.

Prescription

Oyefodun asserts that, applying La.Rev. Stat. 40:1299.39.1(A)(2)(a), Spears and Caul-field had until December 11, 1989, (ninety days from notice of the medical review panel’s decision) to timely file suit against Blan-da. They did not file suit during that time, prescription accrued, and he-was barred from pursuing his medical malpractice claim. However, suit against Blanda had been previously filed on November 18, 1987, interrupting prescription. La.Civ.Code Ann. art. 3462 (West 1994) states that “[prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction....”
65 40yefodun maintains that the November 18, 1987, filing had no effect because when Blanda filed an exception of prematurity, Oyefodun did not oppose it, and the case was removed from the court’s docket. Oyefodun contends that the suit was voluntarily dismissed and is to be treated as if it never was filed.[2] We disagree for several reasons. First, the effect of a dismissal on the grounds of prematurity is one of dismissal without prejudice. See Hernandez v. Lafayette Bone and Joint Clinic, 467 So.2d 113 (La.App. 3d Cir.1985). Secondly, we do not consider Oyefodun’s lack of opposition to the exception of prematurity to be a voluntary dismissal. Article 3463 does not apply once the defendant has made a general appearance. Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987). Blanda made a general ap *1264 pearance when he filed the dilatory exception of prematurity.[3]
IsThe suit against Blanda remained viable until the judgment on the exception of prematurity was signed on September 26, 1990. Prescription is continuously interrupted until a final judgment is signed. Hebert v. Doctors Memorial Hosp., 486 So.2d 717 (La.1986). In Hebert, the Louisiana Supreme Court held that a suit filed against Memorial Hospital was pending until a final judgment dismissing it had been filed, even though a release had purportedly been executed but had never been signed. Id. Thus, Oyefo-dun’s medical malpractice case was pending until the judgment was signed, albeit some thirty months after the exception was filed and the case had been removed from the docket.
Oyefodun argues that Hebert does not control in the instant case because he followed the prescribed procedures of the Medical Malpractice Act and La.Rev.Stat. 40:1299.39.1(A)(2)(a) governs prescription under the Act. He additionally reasons that because the statute governing prescription under the Medical Malpractice Act is more specific than the general statutes regarding prescription, it must prevail.[4] We disagree. If La.Rev.Stat. 40:1299.39.1(A)(2)(a) were applied as Oyefodun suggests, the anomaly of prescription accruing on a claim concurrent to its being interrupted on the same claim would result.
Furthermore, Oyefodun claims application of Hebert and use of the September 1991 prescriptive date would violate the law of the case because this Court stated in Oyefodun v. Spears, et al., 691 So.2d 1333, 1334 (La. App. 4th Cir.1991) that “the last day for plaintiffs attorneys in the medical malpractice action, Ike Spears and Ernest Caulfield, to have timely field [filed] suit against Dr. Blanda was December 11, 1989, as set forth in La.R.S. 40:1299.47.” In reviewing our decision, we find that the holding is not binding except as to the prematurity of the legal malpractice action.
^Prescription commenced, therefore, when the judgment on the exception of prematurity was signed. The claim against Blanda was viable for one year after September 26, 1990. See La.Civ.Code Ann. art. 3466 (West 1994).

Date of Discharge

The record does not set forth an un-eontested date as to when Spears and Caul-field withdrew or were discharged. Spears has submitted several different dates but the last possible date was October 3, 1990. Using September 26,1990, as the date prescription commenced, the claim against Blanda was still viable for almost one year after the date Spears and Caulfield officially withdrew or were discharged. Therefore, the date of Spears’ and Caulfield’s termination as attorneys of record is not a genuine issue of material fact and, accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

. La.Rev.Stat.Ann. 40:1299.39.1 (West 1992 & Supp.1995) states:
"A. (1) All medical claims against the state, its agencies, or other persons covered by this Part ... shall be reviewed by a state medical review panel established as provided in this Section, to be administered by the commission of administration, hereinafter referred to as commissioner.
(2)(a) The filing of the request for a review of a claim shall suspend the time within which the suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the state medical review panel ...”

. Counsel argues La.Civ.Code Ann. art. 3463
(West 1994) is controlling. It states:
“An interruption of prescription resulting from the filing of a suit in a competent court and in proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial."

. La.Code Civ.Proc.Ann. art. 7 (West Supp.1995) states, in pertinent, part, that:
A. Except as otherwise provided in this Article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.”
See Adams v. Dupree, 94-2353 (La.App. 4th Cir. 10/12/95) 663 So.2d 433, for discussion of “voluntary dismissal.”

. La.Civ.Code Ann. art. 3492 (West 1994) states that “[djelictual actions are subject to a liberative prescription of one year."