803 So.2d 960 (2001)
Brandon M. SYLVE and Sybil S. Thomas
v.
KAPPA ALPHA PSI FRATERNITY (National And Nu Iota Chapter), the Board of Supervisors for Louisiana State University and A & M College, Aetna Casualty and Surety Company and Anthony Williams.
No. 2001-CC-2726.
Supreme Court of Louisiana.
October 10, 2001.
*961 PER CURIAM.[*]
On June 11, 2001, plaintiffs filed suit against the State of Louisiana, through the Board of Supervisors for Louisiana State University and Agricultural and Mechanical College (collectively "the Board"), alleging failure to supervise and monitor a fraternity's actions during hazing activities. In response, the Board filed an answer requesting a jury trial and submitted a proposed jury order. Citing La. R.S. 13:4581,[1] the Board contended it was a state agency which was exempt from posting a jury bond. On August 30, 2001, the trial court signed an order requiring the Board to post a jury bond in the amount of $5,000 within 30 days of the signing of the order. The Board applied for supervisory writs from the court of appeal, which were denied with the notation, "On the showing made we find no error." The Board now seeks review by this court, asserting the trial court erred in denying its jury order and ordering the Board to post a $5,000 jury bond within 30 days.
La. R.S. 13:4581 clearly exempts state agencies, such as the Board, from furnishing "any bond whatsoever" in judicial proceedings arising from activities within the course and scope of their duties. Additionally, La. R.S. 13:5105(E), added by Act No. 249 of 2001 and effective August 15, 2001, provides that a state agency "shall not be required to post any bond, cash deposit, or other charge whatsoever to obtain a trial by jury."
Act No. 249 was not in effect at the time plaintiffs filed their suit, but was in effect at the time the Board requested a trial by jury. The legislature did not express an intent regarding the retroactivity of this amendment, therefore we must attempt to determine whether this amendment is substantive, procedural, or interpretive in order to decide whether this provision is applicable to the matter at issue. See La. C.C. art. 6; Segura v. Frank, 93-1271 (La.1/14/94), 630 So.2d 714.[2] If the amendment is procedural or interpretive, it will apply both prospectively and retroactively in the absence of a contrary legislative expression. St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809 (La.1992). Procedural laws "prescribe a method for enforcing a substantive right and relate to the form of the *962 proceeding or the operation of the laws." Segura at p. 12, 630 So.2d at 723. This amendment dispensing with any requirement that a state agency post a jury bond is clearly procedural as it prescribes a method for enforcing substantive rights. Additionally, the posting of the jury bond provides no substantive benefit to plaintiffs. We therefore find this amendment can be applied retroactively to the instant case. Applying these unambiguous provisions to the instant case, we hold the trial court erred in ordering the Board to post a jury bond in this matter.
Accordingly, the writ is granted, the trial court's order of August 30, 2001 requiring the Board to post a $5000 jury bond is reversed, and the case is remanded to the trial court with instructions to order that this matter be tried to a civil jury without any requirement that the Board furnish a jury bond.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.
[1] La. R.S. 13:4581 provides:

The state, state agencies, political subdivisions, parish, and municipal boards or commissions exercising public power and functions, sheriffs, sheriffs' departments, and law enforcement districts, and the Patient's Compensation Fund, or any officer or employee thereof, shall not be required to furnish any appeal bond or any other bond whatsoever in any judicial proceedings instituted by or brought against them, that arise from activities within the scope and course of their duties and employment.
[2] La. R.S. 1:2 provides, "No Section of the Revised Statutes is retroactive unless it is expressly so stated." Although this statute might be interpreted to conflict with the Civil Code's statement on the issue of retroactivity, such potential conflict has been resolved as La. R.S. 1:2 has been limited to apply only to substantive and not procedural or interpretive legislation. Manuel v. Louisiana Sheriff's Risk Management Fund, 95-0406, p. 8 (La.11/27/95), 664 So.2d 81, 85-86.