JOY COSSICH LOBRANO, Judge.
| lAppellant, Lincoln General Insurance Company, appeals the trial court judgment denying its motion for leave of court to file a third party demand against Clarendon America Insurance Company.[1]
On June 28, 2005, the underlying class action lawsuit was filed, seeking damages from numerous defendants for personal injuries. The plaintiffs alleged that they suffered injuries as a result of exposure to calcium hydroxide dust from the excavation and transportation of carbide lime from Gentilly Road to Jour dan Road in New Orleans. The following is the relevant procedural history leading up to this appeal:
On October 10, 2006, Three C’s Properties, Inc. was named as a defendant in this lawsuit in the plaintiffs’ first supplemental and amending petition. On November 15, 2007, Three C’s Properties filed a third party demand against Lincoln General and Clarendon America. In its third party demand, Three C’s Properties alleged that Lincoln General and Clarendon America both had insurance ^policies in effect, which insured the liability of Three C’s Properties for the actions and activities that allegedly resulted in damages to the plaintiffs in this lawsuit.
On September 8, 2009, the trial court issued a Case Management Order, stating that all supplemental and amending pleadings had been filed and served, and setting trial for May 17, 2010. On April 28, 2010, the trial court issued a new Scheduling Order, resetting trial of the main demand for August 30, 2010. On May 11, 2010, Lincoln General filed a motion for leave of court to file a third party demand (not the subject of the instant appeal), seeking to add sixteen new third party defendants. On June 30, 2010, the trial court denied this motion as untimely under the Case Management Order issued on September 8, 2009.
On August 30, 2010, prior to the commencement of trial of the main demand, attorneys for the plaintiffs, Three C’s Properties, Lincoln General and Clarendon America announced, in open court, that a settlement had been reached among these parties, but that the settlement agreement had not yet been formally executed. On February 11, 2011, more than five months later, Lincoln General filed a motion for leave of court to file a third party demand against Clarendon America. While Lincoln General’s motion was still pending, the parties to the settlement agreement, including Lincoln General, signed the same in the last week of March, 2011. The signed settlement agreement was filed in the trial court on April 19, 2011.
On May 9, 2011, the trial court rendered judgment denying Lincoln General’s motion for leave of court to file a third party demand against Clarendon America. This appeal followed.
On appeal, Lincoln General argues that the trial court erred in denying *429 its motion for leave to file a third party demand. Alternatively, Lincoln General Largues that the trial court erred in prematurely considering the merits of its third party demand as set forth in the trial court’s written reasons for judgment. We will dispose of this latter argument first by noting that reasons for judgment are not controlling and do not constitute the judgment of the court. Theresa Seafood, Inc. v. Berthelot, 09-0814, p. 7 (La.App. 4 Cir. 3/10/10), 40 So.3d 132, 137, citing Kaufman v. Adrian’s Tree Service, Inc., 00-2381, p. 3 (La.App. 4 Cir. 10/31/01), 800 So.2d 1102, 1104.
As for Lincoln General’s argument that the trial court erred in denying its motion for leave of court to file a third party demand against Clarendon America, we note that La. C.C.P. article 1033 sets forth the delay for filing incidental demands, such as third party demands, as follows:
An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092.[2]
A trial court has broad discretion in deciding whether or not to allow an incidental demand to be filed after the answer to the principal demand has been filed. Blalock v. Lord, 05-0939 (La.App. 3 Cir. 2/1/06), 927 So.2d 1142.
After reviewing this record, including the relevant procedural history of this case as outlined above, we cannot say that the trial court abused its broad Ldiscretion in denying Lincoln General’s motion. For that reason, we affirm the trial court judgment.[3]
AFFIRMED

. While ordinarily a denial of a motion for leave to file a third party demand is an interlocutory order reviewable only upon an application for supervisory review, in the case at bar the denial of leave is appealable because, considering the time line when the motion for leave was filed and when it was heard, the rendered judgment ends the case in its entirety and is therefore appealable pursuant to La.Code Civ. Proc. arts. 1911 and 1915.

. La. C.C.P. Article 1066, relative to filing a reconventional demand in an action that has matured or was acquired by a defendant after answer, also requires permission of the court. La. C.C.P. Article 1092, relative to a third person asserting ownership of, or mortgage or privilege on, seized property, is not applicable in this case.

. Our decision herein does not address the merits of whether the settlement agreement that was filed into the court record on April 19, 2011, constituted res judicata as to the claims that Lincoln General sought to assert in the third party demand for which leave of court was sought.