ROBIN J. BROOKS      *      NO. 2022-CA-0017

VERSUS      *

YOLANDA A. COLLINS      *      COURT OF APPEAL

     *      FOURTH CIRCUIT

     *      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-02065, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Edwin A. Lombard, Pro Tempore Judge Madeline Jasmine)

R. Scott Buhrer
BUHRER LAW FIRM
3017 21st Street, Suite 110
Metairie, LA 70002

Lauren K. Marquette
BUHRER LAW FIRM
3017 21st Street, Suite 110
Metairie, LA 70002

       COUNSEL FOR PLAINTIFF/APPELLEE

Timothy Thriffiley
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR, L.L.C.
8311 Highway 23, Suite 104
Belle Chasse, LA 70037

Eden B. Tesvich
PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR, L.L.C.
8311 Highway 23, Suite 104
Belle Chasse, LA 70037

       COUNSEL FOR DEFENDANT/APPELLANT

*TFL*

*EAL*

*MJ*

In this appeal, Robin J. Brooks and Yolanda A. Collins are co-owners in indivision of immovable property. Ms. Brooks and Ms. Collins are involved in extensive litigation regarding the property, and the appeal *sub judice* involves a 2016 petition by Ms. Brooks to partition the property by licitation. The trial court held a trial on the merits and ordered the property sold. A judicial auction occurred in 2020, but no purchase of the property was finalized.

In 2021, Ms. Collins filed a reconventional demand for reimbursement of expenses she claims to have undertaken for the property and for an accounting of sums she alleges were improperly withdrawn by Ms. Brooks from a joint account. Ms. Brooks responded to the demand with five exceptions, including an exception of prematurity because Ms. Collins failed to request leave of court to file the reconventional demand. Ms. Brooks also filed a petition for partition by private sale. After a hearing, the trial court refused to grant Ms. Collins leave to file her reconventional demand, dismissed the reconventional demand with prejudice,

1

granted all exceptions filed by Ms. Brooks, and ordered a private sale of the property.

Upon review, we find that the trial court did not abuse its discretion in denying the appellant leave to file the reconventional demand. The completion of a full trial on the principal action demonstrates that the reconventional demand would undoubtedly retard the progress of this suit. However, the trial court erred in sustaining the appellee's exceptions to the reconventional demand, as the demand itself and any exceptions to it were not within the proper purview of the trial court. We further hold that the trial court's dismissal of the reconventional demand with prejudice was improper and should have been without prejudice. In addition, we find that trial court was incorrect in granting the motion for partition by private sale because the relevant statutory language mandates public auction in the absence of agreement between the co-owners. The partition must be resolved through public auction with all pertinent provisions for public sale. Therefore, we affirm the judgment of the trial court in dismissing the reconventional demand and remand the matter to the trial court for additional proceedings in accordance with this opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ms. Brooks and Ms. Collins are co-owners in indivision of immoveable property located on 4203 S. Broad Street in New Orleans, Louisiana. They purchased the property in 2000 and each own a one-half interest in the property. The property has been the subject of ongoing litigation between the co-owners,

dating back to a 2007 claim filed by Ms. Collins against Ms. Brooks. In the 2007 claim, Ms. Collins sought damages regarding Ms. Brooks' allegedly wrongful removal of funds from a joint account and reimbursement for expenses.[1] That suit remains unresolved. In 2016, Ms. Brooks filed a petition for partition by licitation. Ms. Collins answered that petition, and after discovery and a trial on the merits, the trial court issued a judgment in 2019, granting the petition for partition and ordering a private sale of the property. Ms. Collins then moved for a new trial. The trial court denied the motion for a new trial and ordered Ms. Collins to pay the balance of her share of appraisal fees related to the sale of the property.

In an amended judgment, in 2020, Ms. Collins was found in contempt for failure to pay those appraisal fees, sanctioned, and ordered to pay attorney's fees to counsel for Ms. Brooks. The amended judgment also ordered a public auction of the property. The public auction was conducted, and Ms. Collins was the only bidder. She provided the required deposit of 10% of the sale price but was unable to obtain financing for the remaining balance of the purchase price.

In 2021, Ms. Collins filed a reconventional demand seeking reimbursement for expenses she alleges to have borne for taxes, insurance, mortgage payments, and maintenance and repairs associated with the property. Ms. Collins also sought an accounting for sums allegedly improperly withdrawn by Ms. Brooks from a joint account and an accounting of all rents collected by Ms. Brooks since 2015.

---

[1] The appellee attests that this 2007 complaint contains the same allegations as those within the 2021 reconventional demand. The appellee states that this lawsuit has not been resolved. The 2007 suit is not contained within this Court's record and will not be considered in our analysis.

Ms. Brooks responded to the reconventional demand by filing dilatory exceptions of prematurity and vagueness.  Ms. Brooks also filed peremptory exceptions of no cause of action and/or no right of action and prescription.  In the dilatory exception of prematurity, Ms. Brooks stated that Ms. Collins required leave of the court to file her reconventional demand.  Ms. Collins subsequently requested the court's leave to file the reconventional demand.  The trial court set the matter for a contradictory hearing on August 27, 2021.

In the intervening period before the hearing, Ms. Brooks filed a motion and order for partition by private sale.  In her motion, Ms. Brooks underscored amendments to Article 4607 of Louisiana Code of Civil Procedure allowing for partition by private sale without consent of one or more co-owners.  The trial court set Ms. Brooks' motion for hearing for the same date and time as the hearing regarding Ms. Collins's reconventional demand.  After reviewing the pleadings and hearing the arguments of counsel, the trial court sustained all exceptions filed by Ms. Brooks, rendered judgment in favor of Ms. Brooks, dismissed the reconventional demand filed by Ms. Collins with prejudice, and ordered a private sale of the property.  Ms. Collins now appeals this judgment.

## DISCUSSION

### *Standard of Review*

Demands that are incidental to a principal demand "may be instituted against an adverse party, a co-party, or against a third person."  La. C.C.P. art. 1031.  Reconventional demands are one type of incidental demand.  *Id.*  Pursuant to La.

4

C.C.P. art. 1033, an incidental demand "may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed." Thereafter, an incidental demand may be filed only with leave of the court "if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092."[2]  Trial courts possess great discretion in considering whether to allow an incidental demand to be filed after the answer to the principal demand was filed. *Marshall v. Air Liquide-Big Three, Inc.*, 11-1239, p. 3 (La. App. 4 Cir. 4/11/12), 89 So. 3d 427, 429 (citing *Blalock v. Lord*, 05-0939 (La. App. 3 Cir. 2/1/06), 927 So. 2d 1142).

In contrast, questions of law, including the proper interpretation of statutory provisions, are reviewed *de novo* and no deference is accorded to the trial court's judgment on such a matter.  *Carver v. La. Dep't of Public Safety*, 17-1340, p. 4 (La. 1/30/18), 239 So. 3d 226, 230.  "In the absence of contrary legislative expression, substantive laws apply prospectively only."  La. C.C. art. 6.  However, "[p]rocedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."  *Id.*  Whereas substantive laws "establish new rules, rights, and duties or change existing ones," interpretive laws "do not create new rules, but merely establish the meaning that the interpretive statute had from the time of its enactment."  *St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So. 2d 809, 818 (La. 1992).  In the case of an interpretive

---

[2] La. C.C.P. art. 1066 addresses actions that mature or are acquired by the defendant after the answer and La. C.C.P. art. 1092 addresses intervention by third parties claiming ownership of, or a mortgage or privilege on property.  Neither article is applicable here.

laws, "[i]t is the original statute, not the interpretive one, that establishes the rights and duties." *Id.* (citing *Ardoin v. Hartford Accident & Indemnity Co.*, 360 So. 2d 1331, 1338 (La. 1978)). Procedural laws "prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws." *Sylve v. Kappa Alpha PSI Fraternity*, 01-2726, p. 2 (La. 10/10/01), 803 So. 2d 960, 961-62 (quoting *Segura v. Frank*, 93-1271, 93-1401, p. 12 (La. 1/14/94), 630 So. 2d 714, 723).

***Assignments of Error #1-6***

The appellant, Ms. Collins, submits eight assignments of error to this Court for review. The first six assignments of error assert that:

1. The trial court abused its discretion in refusing to grant appellant's motion for leave to file her reconventional demand;

2. The trial court committed manifest error in granting appellee's exception of prematurity, and then dismissing appellant's reconventional demand with prejudice;

3. The trial court committed manifest error in granting appellee's exception of vagueness, and then dismissing appellant's reconventional demand with prejudice, rather than granting her an opportunity to amend her pleading;

4. The trial court committed manifest error in granting appellee's exception of no cause of action and/or no right of action, where the reconventional demand stated well-pleaded facts which stated a cause of action;

6

5. The trial court abused its discretion in granting appellee's exception of no cause/no right of action, and then dismissing appellant's reconventional demand with prejudice, rather than granting her an opportunity to amend her pleading;

6. The trial court committed manifest error in granting appellee's exception of prescription and dismissing appellant's reconventional demand with prejudice, where no evidence or testimony supported the granting of the exception;

In sum, these six assignments of error maintain that the trial court abused its discretion in denying the appellant leave to file the reconventional demand and committed manifest error by sustaining all exceptions filed by the appellee. This Court will focus its inquiry on whether the trial court abused its discretion in denying leave to file the reconventional demand, as this threshold question resolves the first six assignments of error asserted herein.

The appellee filed her petition for partition by licitation on February 29, 2016. The appellant filed her answer to the petition on October 27, 2016. The answer contained brief references to expenses the appellant claimed to have assumed for the property, including for unnamed improvements and upkeep, as well as property taxes. The answer also noted that the appellee was fraudulently renting out units on the property. However, the answer did not make any demand in relation to these allegations. The only relief requested by the appellant in her

answer was a plea for the trial court to render judgment in her favor, dismiss the case against her, and to tax the appellee for the appellant's costs and fees.

Nearly five years later, on March 30, 2021, the appellant filed her reconventional demand. As the appellant had already answered the petition, her reconventional demand required leave of the trial court. La. C.C.P. art. 1033. The appellant conceded the error in not seeking leave of the court and filed a motion seeking leave to file her reconventional demand.

The trial court possesses great discretion in deciding whether to grant a party leave to file a reconventional demand after the answer has been filed. *Marshall*, 11-1239, p. 3, 89 So. 3d at 429 (citing *Blalock*, 05-0939, p. 24, 927 So. 2d 1142, 1156). However, that discretion is limited by the statutory requirement that the reconventional demand not "retard the progress of the principal action." La. C.C.P. art. 1033. The appellant argues that the filing of the reconventional demand would not retard the progress of the principal action because trial has already occurred, public sale of the property was ordered, and no new trial is pending. She also contends that because no new sale is currently scheduled, the reconventional demand will not affect any future sale.

In the present matter, eight months elapsed between the appellee's petition and the appellant's answer. The appellant's inclusion of grievances regarding expenditures and fraudulent rent collection within her initial answer indicates that

she was aware, at the time of filing the answer, of the complaints later compiled into her reconventional demand.[3]

Over three years passed between the initial action and trial. Sufficient time was allowed for discovery and a full trial on the merits occurred on April 18, 2019. Following the trial, the property was ordered to be sold. Attempts were made to facilitate the sale of the property and settle the dispute. In an amended judgment, the appellant was held in contempt and sanctioned for repeatedly failing to pay appraisal fees necessary to effectuate the trial court's judgment ordering sale of the property.

Despite the lengthy lapse of time in this matter, the fact that the appellant had adequate opportunity to present her reconventional demand at an earlier date, and the appellant's own actions in delaying resolution of this suit, the appellant argues that the reconventional demand will not retard the progress of this suit because no trial or sale is pending. However, this position does not acknowledge the logical impact of a completed trial. Implicit in the statutory language permitting incidental demands by right "up to and including the time the answer" is filed, and with the court's leave "if it will not retard the progress of the principal action," is the understanding that trial has not yet occurred in either scenario. La. C.C.P. art. 1033. Once a full trial has occurred, with all the attendant opportunities to raise incidental demands, a reconventional demand would necessarily retard the

_____

[3] The appellee attests that the complaints within the reconventional demand are largely the same as complaints within a 2007 lawsuit filed by the appellant against the appellee. The appellee states that this lawsuit has not been resolved. The 2007 suit is not contained within this Court's record and will not be considered in our analysis.

progress of the action because the "principal action" itself has already been adjudicated. *See ANR Pipeline Co. v. La. Tax Com'n*, 08-1148 to 08-1162, p. 13 (La. App. 1 Cir. 10/17/08), 997 So. 2d 92, 100. Therefore, the trial court did not abuse its discretion in denying the appellant leave to file the reconventional demand.

However, as the appellant was not given leave by the trial court to file her reconventional demand, the claims asserted within the demand were not properly before the trial court and should not have been the subject of a judgment. *See Palmer v. Reis*, 409 So. 2d 404, 407 (La. App. 4 Cir. 1982). As such, the trial court erred in sustaining the appellee's exceptions to the reconventional demand.[4] As the trial court should not have addressed the merits of the appellee's exceptions, the reconventional demand should have been dismissed without prejudice. The appellant may pursue the claims within her reconventional demand to the extent allowable by La. C.C.P. art. 1037, La. C.C.P. art. 1061, and the relevant prescriptive statutes.

### Assignment of Error #7

The appellant's seventh assignment of error claims that the trial court committed manifest error in granting the motion to partition the property by private sale.

---

[4] This Court notes that, ordinarily, if a demand is dismissed because the trial court sustains a dilatory exception pleading prematurity, the dismissal should be without prejudice. *Oyefodun v. Spears*, 95-1472, p. 4 (La. App. 4 Cir. 2/15/96), 669 So. 2d 1261, 1263 (internal citation omitted). Nonetheless, in the instant matter, it was improper for the trial court to address the exceptions because the demand was not properly before the court.

The parties both acknowledge that the petition to partition the property by licitation was initially filed prior to two sets of amendments to the relevant statutes governing partition, La. C.C.P. art. 4607 and La. C.C. art. 811. To determine whether these amendments may be applied to the appellee's petition for partition of the property, the Court must undertake a *de novo* review of the statutory amendments to ascertain the substantive, interpretive, or procedural nature of the changes.

La. C.C.P. art. 4607 originally stated:

> When a partition is to be made by licitation, the sale shall be conducted at public auction and after the advertisements required for judicial sales under execution. All counsel of record, including curators appointed to represent absentee defendants, and persons appearing in proper person shall be given notice of the sale date. At any time prior to the sale, the parties may agree upon a nonjudicial partition.

The first amendment to La. C.C.P. art. 4607 (emphasis added) read:

> When a partition is to be made by licitation, the sale shall be conducted at public auction and after the advertisements required for judicial sales under execution. **When a partition is to be made at private sale without the consent of all co-owners, the sale shall be for not less than two-thirds of the appraised value of the property and shall be made by a court-appointed representative, who may be a co-owner, after the advertisements required for judicial sales under execution are made.** All counsel of records, including curators appointed to represent absentee defendants, and persons appearing in proper person shall be given notice of the sale date. At any time prior to the sale, the parties may agree upon a nonjudicial partition.

After the last amendment to La. C.C.P. art. 4607 (emphasis added), the statute now provides:

> When a partition is to be made by licitation, the sale shall be conducted at public auction and after the advertisements required for judicial sales under execution. When a partition is to be made at

private sale without the consent of all co-owners, the sale shall be for not less than the appraised value of the property, **and documents required pursuant to a court order shall be executed on behalf of the absentee or non-consenting owner** by a court-appointed representative, who may be a co-owner, after the advertisements required for judicial sales under execution are made. All counsel of record, including curators appointed to represent absentee defendants, and persons appearing in proper person shall be given notice of the sale date. At any time prior to the sale, the parties may agree upon a nonjudicial partition.

Prior to the most recent amendments, La. C.C. art. 811 provided that "[w]hen the thing held in indivision is not susceptible to partition in kind, the court shall decree a partition by licitation or by private sale and the proceeds shall be distributed to the co-owners in proportion to their shares." After the first amendment, La. C.C. art. 811 (emphasis added) was revised to read:

When the thing held in indivision is not susceptible to partition in kind, the court shall decree a partition by licitation or by private sale and the proceeds shall be distributed to the co-owners in proportion to their shares. **In the event that one or more of the co-owners are absentees or have not consented to a partition by private sale, the court may set the terms of the sale and order a partition by private sale.**

After the second set of amendments, La. C.C. art. 811 (emphasis added) was divided into two parts:

A. When the thing held in indivision is not susceptible to partition in kind, the court shall decree a partition by licitation or, **as provided in Paragraph B of this Article**, by private sale and the proceeds shall be distributed to the co-owners in proportion to their shares.
B. In the event that one or more of the co-owners are absentees or have not consented to a partition by private sale, the court **shall** order a partition by private sale **and shall give first priority to the private sale between the existing co-owners, over the sale by partition by licitation or private sale to third parties. The court shall order the partition by private sale between the existing co-owners as identified in the conveyance records as of the date of filing for the petition for partition by private sale. The petition for partition by private sale shall be granted first priority, and the sale shall be**

**executed under Title IX of Book VII of the Code of Civil Procedure.**

"[T]he question of the temporal effect to be given an enactment is, in the first instance, one of statutory construction." *St. Paul Fire & Marine Ins. Co.*, 609 So. 2d at 816. The first step in analyzing these amendments is to determine whether the legislature expressed its intent regarding the temporal application of the statute. *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1062 (La. 1992). These amendments lack any indication of the legislature's intent regarding temporality. Accordingly, we proceed to the next step, in which "we must classify the enactment as substantive, procedural or interpretive." *Id.* (citing *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F. 2d 167, 182 (5th Cir.) (internal citation omitted)).

The appellant argues that these amendments entail a substantive change to the statutes because prior to the amendments, courts were not permitted to order a private sale without consent of both co-owners. The appellee counters that the amendments are interpretive, because the original language of La. C.C. art. 811 permits private sale, and the amendments merely clarify the terms under which the courts shall order a private sale. The appellee argues that although the language of La. C.C.P. art. 4607 only referenced nonjudicial sales by agreement of co-owners, the amendments serve to conform the two provisions and clarify that courts may order a private sale without consent under both articles. Alternatively, the appellee argues that the right to partition property held in co-ownership was clearly established in La. C.C. art. 807 and that the newly amended La. C.C. art. 811 and

13

La. C.C.P. art. 4607 merely elaborate the proper procedures for partition, whether by public auction or private sale.

This Court directly addressed the import of these same statutory provisions, prior to the amendments, in *Treas v. Koerner*, 19-0390 (La. App. 4 Cir. 11/13/19), 2019 WL 5982386, --- So. 3d ----. In *Treas*, the Court analyzed "the crucial issue in this appeal of whether a trial court has the authority to order partition of co-owned property through a private sale." *Id.*, 19-0390, p. 11, 2019 WL 5982386, *6, --- So. 3d at ----. The trial court in *Treas* ordered a property under dispute to be sold by private sale. Review of the record revealed that there was no agreement between the co-owners to conduct a private sale. *Id.*, 19-0390, p. 16, 2019 WL 5982386, *8, --- So. 3d at ----. The Court cited language from a Second Circuit case holding that "the 'private sale' of Article 811 and the consensual sale in Article 4607 are simply the sale defined by La. C.C. art. 2439, i.e., in order to effect the sale, there must [be] agreement between the parties as to thing, price and consent." *Id.*, 19-0390, p. 17, 2019 WL 5982386, *9, --- So. 3d at ---- (quoting *Welch v. Zucco*, 27, 634, p. 6 (La. App. 2 Cir. 12/6/95), 665 So. 2d 697, 700). This Court concluded that absent an agreement between the co-owners to sell the property in a private sale, "the trial court was bound, as a matter of law, to order the property to be sold at public auction." *Id.*, 19-0390, pp. 16-17, 2019 WL 5982386, *9, --- So. 3d at ----.

This Court's finding that the original language of La. C.C. art. 811 and La. C.C.P. art. 4607 did not allow a private sale absent consent of the co-owners

14

confirms that the statutory amendments changed an existing rule regarding private sales. Ergo, the amendments represent a substantive change and may be applied prospectively only. The trial court was incorrect in granting the motion for partition by private sale and, absent agreement between the parties, the property must be sold at public auction.

### Assignment of Error #8

The appellant's final assignment of error argues that the trial court committed manifest error in ordering the net sale proceeds from the sale of the property to be evenly divided between the parties.

As we have determined that the trial court was incorrect in ordering a private sale, the trial court is bound to follow procedures for effectuating a public sale of the property, which do not include appointment of a court-appointed representative to divide the proceeds between the parties. La. C.C. art. 4605. However, La. C.C. art. 811 requires that proceeds of a public sale be "distributed to the co-owners in proportion to their shares." The appellant and appellee do not dispute that they are co-owners in indivision and each own a one-half interest in the property. In consequence, the appointment of a private representative to distribute the proceeds to the parties was incorrect, but nevertheless, the parties are entitled to an even disbursement of the proceeds of public sale.

### DECREE

For the foregoing reasons, we affirm in part and remand in part the trial court's judgment. We hold that the trial court did not abuse its discretion in

denying the appellant leave to file the reconventional demand, and we affirm that part of the trial court's judgment.

However, the trial court erred in sustaining the appellee's exceptions to the reconventional demand, as the demand itself and any exceptions to it were not within the proper purview of the trial court. In addition, we hold that the trial court's dismissal of the reconventional demand with prejudice was improper. The dismissal of the reconventional demand must be without prejudice. Furthermore, we find that trial court was incorrect in granting the motion for partition by private sale without the consent of both parties. The partition must be resolved through public auction with all pertinent provisions for public sale.

Therefore, we affirm the judgment of the trial court in dismissing the reconventional demand and remand the matter to the trial court for additional proceedings in accordance with this opinion.


**AFFIRMED IN PART; REMANDED IN PART**